UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FRANKLIN DAVID HARRIS JR., et al.,

    Plaintiffs,

v.

DANIEL COOLEY, et. al,

    Defendants.

Case No. 1:17-cv-540

Barrett, J.
Bowman, M.J.

**OPINION AND ORDER**

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**I. Introduction**

On August 28, 2017, this Court permitted Plaintiffs to file their *pro se* complaint *in forma pauperis*, or without payment of a filing fee. Plaintiffs, who live in Portsmouth, Ohio, are relatively experienced *pro se* litigants, having pursued a number of cases in this federal Court, most of which have been filed both *pro se* and *in forma pauperis.*[1]

Plaintiffs' 26-page single-spaced typed complaint alleges that they are African-American homeowners who reside at 1925 Timmonds Avenue in Portsmouth, who have

---

[1] *See, e.g.*, Case No. 1:89-cv-145 (civil rights); Case No. 1:91-mc-349; Case No. 1:91-mc-350; Lead Case No. 92-cv-323 (employment discrimination); Related Member Case No.1:92-cv-324 (employment discrimination), Member Case No. 1:93-cv-401 (employment discrimination); Case No. 1:93-mc-93; Case No. 1:95-cv-29 (employment discrimination); Case No. 1:97-cv-156 (civil rights); Case No. 1:02-cv-475 (Fair Housing Act); Case No. 1:05-cv-84 (employment discrimination); Case No. 1:11-cv-179 (employment discrimination);

resided in their home since October 20, 1994. (Doc. 1-3 at 1). Plaintiffs allege that the three identified individual Defendants are Caucasian neighbors who reside at 1921 Timmonds Avenue. Plaintiffs' complaint generally relates a series of escalating and ongoing conflicts with the Defendants, primarily over a privacy fence and gate between the two properties. The complaint details a series of events that are alleged to have occurred on 13 separate dates between August 7, 2016 and July 17, 2017.

Plaintiffs allege that their neighbors have vandalized Plaintiffs' personal and real property and/or caused the neighbors' children or "unknown white" persons to vandalize Plaintiffs' property. Plaintiffs allege that Defendants filed a complaint about the fence with the "White Director of Portsmouth City Engineer Office" as a threat "to intimidate, harass, coerce" and "terrify[y]" Plaintiffs, (Doc. 1-2 at 11), and that Defendants similarly contacted the "White Portsmouth Mayor," and contacted "White Police Officers" to make complaints about the fence and/or Plaintiffs and to cause Plaintiffs to suffer "fear, terror, horror, fright." (Doc. 1-2 at 12). Plaintiffs allege that the incidents both individually and in combination constitute violations of the Fair Housing [Act], and of Plaintiffs' "federal civil rights." Plaintiffs seek punitive damages, injunctive relief (including but not limited to a temporary restraining order and temporary and permanent injunctions), and attorney's fees and costs. Plaintiffs claim that this Court has pendant jurisdiction over their "Ohio Civil Rights claims" under the Ohio Fair Housing Act." (Doc 1-2 at 2).

Based upon the Plaintiffs' representation that their Chapter 13 bankruptcy proceeding was ongoing, the undersigned conditionally granted Plaintiffs' application to proceed *in forma pauperis*, but requested a status report from the Trustee to determine whether Plaintiffs should be permitted to proceed as the real parties in interest. The

2

Court expressly reserved full screening of the complaint under 28 U.S.C. § 1915(e) "pending a more complete review of the threshold standing issues presented by the complaint."

On September 5, 2017, the Trustee filed a status report, indicating that, because the claims alleged in the complaint filed in this Court arose post-petition, and under controlling bankruptcy law, Plaintiffs are the real parties in interest for purposes of their claims against their neighbors. (Doc. 5). The Trustee's report indicates that the Trustee has charged the debtors' bankruptcy counsel with regular reporting on the status of their claims against the Cooleys, insofar as the Trustee "would have input on" the disposition of any damages that may be recovered. (Doc. 5 at 5). Having resolved the threshold issues, the undersigned now undertakes full review of the complaint under 28 U.S.C. § 1915(e).

**II. Analysis**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). The

4

Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Based upon the above standards, it remains a very close issue as to whether Plaintiffs have stated any cognizable federal claims. Plaintiffs' allegations – while indicative of abhorrent behavior and incivility between neighbors – may fall short of the type of discriminatory conduct that Congress intended to regulate under the Fair Housing Act. *Accord Franco-Ward v. Nations Credit Corp.*, 2000 WL 875894 (6th Cir., June 20, 2000) (affirming dismissal of retaliation and intimidation claims under 42 U.S.C. §3617, because plaintiffs' allegations of racial discrimination were conclusory and unsupported by factual allegations to support claims). However, under the liberal pleading standards applied to *pro se* pleadings, as well as the extremely low threshold used in screening cases under 28 U.S.C. § 1915(e), the undersigned will allow Plaintiff's complaint to proceed at this preliminary stage, and will direct service upon the Defendants.

As grounds for the assertion of this Court's jurisdiction over their complaint, Plaintiffs assert that the Defendants have violated the Fair Housing Act. Plaintiffs' complaint alleges that their neighbors' conduct towards Plaintiffs constituted race-based discrimination not because of any overt or direct evidence of such discriminatory animus, but based upon indirect evidence. Specifically, Plaintiffs allege that they are African-American, while Defendants are Caucasian, and that Defendants made no similar complaints to authorities and made no similar threats against other white neighbors who had a similar privacy fence/gate that appears to be the source of contention between Plaintiffs and Defendants.

The primary provisions of the Fair Housing Act, as amended, generally prohibit discrimination in the sale or lease of real property. Since Plaintiffs allege that they purchased their home nearly 23 years ago and have continually resided in that home since their purchase, they do not seek recourse under the primary substantive provisions of the FHA. Instead, Plaintiffs rely upon 42 U.S.C. § 3617, which makes it unlawful "to coerce, intimidate, threaten, or interfere" with the exercise or enjoyment of any rights protected by the FHA's substantive provisions. 42 U.S.C. § 3617.

> To make out a *prima facie* case under Section 3617, a plaintiff must show "more than a 'quarrel among neighbors' or an 'isolated act of discrimination,' but rather ... a 'pattern of harassment, invidiously motivated.' " *Bloch v. Frischholz,* 587 F.3d 771, 783 (7th Cir.2009) (quoting *Halprin v. Prairie Single Family Homes of Dearborn Park Ass'n,* 388 F.3d 327, 330 (7th Cir.2004)). Prohibited interference is not limited to discrimination during the acquisition of a home, but "can take place at any time," including "post-purchase," as is potentially implicated here. *E.–Miller v. Lake Cnty. Highway Dep't,* 421 F.3d 558, 562 (7th Cir.2005).

*Novak v. Levenfeld Pearlstein*, 2014 WL 4555581, at *6 (N.D.Ill., Sept. 15, 2014). Courts use the burden shifting analysis of *McDonnell Douglas v. Green*, 411 U.S. 792

6

(1973), to evaluate claims of intentional discrimination under the FHA. *Michigan Protection and Advocacy Service, Inc. v. Babin*, 799 F. Supp. 695, 706 (E.D. Mich. 1992), *affirmed* 18 F.3d 337 (6th Cir.1994) ("a successful claim under § 3604 is not a prerequisite to the bringing of a claim under § 3617").

The Trustee reports, and the undersigned's review of other court records confirms, that the named Defendants herein, through counsel, filed suit against Plaintiffs in Scioto County State Court on May 24, 2017, a date that precedes the date that Plaintiffs initiated this federal lawsuit. *See Cooley v. Harris*, Case No. 17CIH00071 (Scioto County Court of Common Pleas). The undersigned has reviewed the publicly available docket sheet of the state court action, <u>but not the actual complaint</u>. The Trustee describes the Cooleys' Complaint as seeking "removal of a fence that straddles a property line, perpendicularly, and a determination of property line boundaries…" (Doc. 5 at 1). The Trustee additionally reports the existence of a third related adversary proceeding recently filed by Plaintiffs in Bankruptcy Court, Case No. 1:17-ap-01041.

Mr. and Mrs. Harris are represented by counsel in the lead bankruptcy case, but not in their recently filed adversary proceeding concerning their dispute with the Cooleys.[2] Plaintiffs also proceed *pro se* as defendants in the Scioto County state court case.

The Trustee concludes that "[t]he question now before the Bankruptcy Court, the U.S. District Court, and Scioto Common Pleas is which court is the proper venue for

---

[2]The Bankruptcy Trustee has encouraged the Mr. and Mrs. Harris to "consider engaging competent counsel" and has explained how Local Bankruptcy Rules of the Southern District of Ohio describe how counsel should be engaged and officially appointed." (Doc. 5 at 6). Unlike the Bankruptcy Rules, no similar rules of this Court provide for the appointment of counsel for civil litigants. There is no constitutional right to the appointment of counsel in civil cases, and such appointments by this Court are exceedingly rare.

7

consideration of the Harris claims against the Cooleys, and where the Cooleys' property questions should be decided." (Doc. 5 at 6). However, because review is limited at this point to the screening the complaint under § 1915(e), the undersigned finds it inappropriate to resolve that question at this stage.

The undersigned's decision to give the Plaintiffs the benefit of the doubt at this preliminary screening stage should not be viewed as foreclosing any affirmative defenses the Defendants may be able to raise in a motion to dismiss. Rather, it is merely an acknowledgement that under 28 U.S.C. § 1915(e), review is limited to the complaint filed in this Court, without the benefit of a response by an opposing party or any briefing at all. Under liberal pleading standards, the undersigned cannot conclude at this stage that the complaint is so lacking in plausibility that it should be dismissed without requiring the Defendants to answer.

The undersigned's preliminary review of post-acquisition claims of discriminatory interference or harassment under 42 U.S.C. § 3617 reveals relatively limited case law on the issues presented, but confirms that a neighbor-against-neighbor claim *may* exist under some circumstances. *See generally Wells v. Rhodes,* 928 F. Supp.2d 920, 932-933 (S.D. Ohio 2013) (holding, despite recognition that "the FHA was not designed 'to convert every quarrel among neighbors in which a racial or religious slur is hurled into a federal case,'" that evidence of "burning a cross on front lawn with 'KKK will make you pay' and the N-word written on it, is certainly interference (or perhaps more accurately a threat or intimidation) within the broad meaning of § 3617.") (internal citations omitted); *contrast Sheikh v. Rabin*, 565 Fed. Appx. 512 (7th Cir. 2014)(dismissing FHA claims for failure to state any claim of interference under FHA); *French v. Hornsby*, 2006 WL

686375 (M.D. Tenn, March 13, 2006) (holding there was "absolutely no application of the Fair Housing Act" to property line dispute between neighbors who had previously litigated their dispute in state court); *Diggs v. Paragon Management Group, Inc.*, 2014 WL 1302504 (E.D. Tenn. March 28, 2014) (granting motion to dismiss FHA claims for failure to state a claim of race discrimination).

### III. Conclusion and Order

For the reasons explained above, **IT IS ORDERED THAT:**

1. The Clerk of Court shall transmit the summons forms to the United States Marshal, who shall serve a copy of the complaint, the summons, and this Order upon the Defendants as directed by Plaintiff. All costs of service shall be advanced by the United States;

2. Plaintiff shall serve upon each Defendant or, if appearance has been entered by counsel, upon Defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court;

3. A copy of this Order shall be served on nonparty Margaret A. Burks, Esq., Chapter 13 Trustee, with additional courtesy copies to be transmitted to the Clerk of the Bankruptcy Court, for consideration in connection with U.S. Bankruptcy Case No. 15-12647 and/or Case No. 1:17-ap-01041, and to the

Scioto County Clerk of Court for consideration in connection with *Cooley v. Harris*, Case No. 17CIH00071.[3]

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3]The undersigned greatly appreciates the efforts of the Trustee to respond to this Court's request for a status report, and recognizes that the Trustee will not be made party to this proceeding, but will rely upon Plaintiffs' bankruptcy counsel to keep the Trustee updated on the course of this case. No further copies of proceedings in this case will be transmitted to the Trustee, to the Bankruptcy Court, or to the Scioto County Clerk of Court beyond this Order. If desired, any non-party (including bankruptcy counsel) may use the cm/ecf system or PACER to obtain copies of all publicly available documents filed in this case.