# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

FRANKLIN DAVID HARRIS JR., et al.,

    Plaintiffs,

v.

DANIEL COOLEY, et. al,

    Defendants.

Case No. 1:17-cv-540

Barrett, J.
Bowman, M.J.

## OPINION AND ORDER

Despite the filing of Plaintiffs' *pro se* complaint on August 28, 2017, none of the three Defendants have yet filed an answer or response to the complaint. The record further reflects that two of the Defendants have yet to be served. Currently pending are three motions in which Plaintiffs seek additional Court assistance to effectuate service of their complaint. The Plaintiffs' most recent motion will be granted in part.

    **I.    Background**

The Court has permitted Plaintiffs to file their *pro se* complaint *in forma pauperis*, or without payment of a filing fee. Plaintiffs, who live in Portsmouth, Ohio, are relatively experienced *pro se* litigants, having pursued a number of cases in this Court, most of which have been filed both *pro se* and *in forma pauperis.*[1]

---

[1] *See, e.g.*, Case No. 1:89-cv-145 (civil rights); Case No. 1:91-mc-349; Case No. 1:91-mc-350; Lead Case No. 92-cv-323 (employment discrimination); Related Member Case No.1:92-cv-324 (employment discrimination), Member Case No. 1:93-cv-401 (employment discrimination); Case No. 1:93-mc-93; Case No. 1:95-cv-29 (employment discrimination); Case No. 1:97-cv-156 (civil rights); Case No. 1:02-cv-475 (Fair Housing Act); Case No. 1:05-cv-84 (employment discrimination); Case No. 1:11-cv-179 (employment discrimination);

Plaintiffs' current complaint alleges that they are African-American homeowners who have resided in their home since October 20, 1994. (Doc. 1-3 at 1). The three identified individual Defendants are Caucasian neighbors. The complaint generally relates to a series of escalating and ongoing conflicts with the Defendants, primarily over a privacy fence and gate between the two properties, which conflicts are alleged to have occurred between August 7, 2016 and July 17, 2017. Plaintiffs allege that the incidents, both individually and in combination, constitute violations of the Fair Housing Act, and of Plaintiffs' "federal civil rights." Plaintiffs seek punitive damages, injunctive relief (including but not limited to a temporary restraining order and temporary and permanent injunctions), and attorney's fees and costs. Plaintiffs claim that this Court has pendant jurisdiction over their "Ohio Civil Rights claims" under the "Ohio Fair Housing Act." (Doc 1-2 at 2).

Proceedings in this case were initially delayed while this Court determined whether Plaintiffs, who are debtors in ongoing bankruptcy proceedings, were the real parties in interest, or whether the Trustee was the real party in interest. Upon resolution of that threshold issue in Plaintiffs' favor, the Court screened the complaint as required by 28 U.S.C. § 1915(e).

In screening the complaint on September 13, 2017, the undersigned noted the existence of what appears to be a closely related separate suit filed by the named Defendants herein in Scioto County State Court. *See Cooley v. Harris*, Case No. 17CIH00071 (Scioto County Court of Common Pleas). In addition, the Bankruptcy Trustee advised the undersigned of a third related adversary proceeding recently filed by Plaintiffs in Bankruptcy Court, Case No. 1:17-ap-01041. The Trustee pointed out the

existence of an open question as to which of the three courts "is the proper venue for consideration of the Harris claims against the Cooleys, and where the Cooleys' property questions should be decided." (Doc. 5 at 6). However, because the undersigned's review was limited to screening the complaint under § 1915(e), the Court declined to resolve that question prior to service of the complaint. (Doc. 7).

The undersigned ultimately concluded that despite it being "very close as to whether Plaintiffs have stated any cognizable federal claims," Plaintiffs' complaint should be permitted to proceed, with service of the complaint by the U.S. Marshal. *Id.*; *but see Franco-Ward v. Nations Credit Corp.*, 2000 WL 875894 (6th Cir., June 20, 2000) (affirming dismissal of retaliation and intimidation claims under 42 U.S.C. §3617, because plaintiffs' allegations of racial discrimination were conclusory and unsupported by factual allegations to support claims). In drawing that conclusion, the Court cited the "liberal pleading standards applied to *pro se* pleadings, as well as the extremely low threshold used in screening cases under 28 U.S.C. § 1915(e)." (Doc. 7). At the same time, the Court advised all parties that the "decision to give the Plaintiffs the benefit of the doubt at this preliminary screening stage should not be viewed as foreclosing any affirmative defenses the Defendants may be able to raise in a motion to dismiss." (*Id.*) Plaintiffs filed objections to the undersigned's September 13, 2017 Order, which objections remain pending before U.S. District Judge Michael R. Barrett. (Doc. 9).

After summons was issued by the U.S. Marshal in accordance with this Court's Order, Plaintiffs filed an amended complaint. (Doc. 10). Less than two weeks later on October 10, 2017, Plaintiffs filed a "Notice of Erracta [sic]" that purports to further amend one or more citations in the amended complaint. (Doc. 11). The undersigned declines

3

to conduct additional screening under § 1915(e) of the first amended complaint (or Notice) at this time for reasons of judicial economy, and because the allegations in the first amended complaint appear to be closely aligned to those in the original complaint.

On October 6, 2017, summons was returned as executed on the original complaint for Defendant Chrissy Lodwick Spraughe. Plaintiffs note that Defendant Kayley Cooley signed for the summons and complaint on behalf of that Defendant on September 29, 2017. (*See* Doc.11; *see also* Doc. 18 at 2). Although an answer was due on or before October 20, 2017, no answer has been filed by that Defendant.

In contrast to the status of Defendant Spraughe, the record reflects that Defendants Daniel and Kaylay Cooley "refused" to accept summons by certified mail. (Docs. 14, 15; *see also* Doc. 17 at 4). On November 16, 2017 and again on November 20, 2017, Plaintiffs filed motions seeking the status of service concerning those Defendants. (Docs. 13, 16).[2] On December 8, 2017, Plaintiffs filed a third motion seeking another court order directing the U.S. Marshal to personally serve the Defendants. (Doc. 17). Plaintiffs' latest motion indicates that they have provided an amended summons, copies of the complaint, and additional USM 285 forms for purposes of effecting service.

Local Rule 4.2(c), consistent with Ohio R. Civ. Pro. 4.6(C), permits service by ordinary mail in cases in which service by certified mail has been refused. Although the law also permits service through personal delivery to the Defendants, the expense of personal service is not warranted in this case due to the adequacy of service under Rule 4.2(c). Unlike service by certified mail (which the Cooley Defendants have to date

---

[2]Plaintiffs state that they served the Trustee with copies of their motion. Although Plaintiffs remain the real parties in interest, the Trustee has been added to the docket sheet of this Court, as the Trustee has advised that she may have an interest should Plaintiffs recover any monetary damages.

attempted to evade), proof of mailing by ordinary mail creates a rebuttable presumption that the material was received. *Bloch v. Eastern Mach. Screw Corp.,* 281 F. 777 (6th Cir.1922); *Griffin v. General Acc. Fire & Life Assur. Co.,* 94 Ohio App. 403 (1953).

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT:**

1. Plaintiffs' most recent motion seeking service upon the Cooley Defendants (Doc. 17) is **GRANTED in part**, as described in paragraph 3 of this Order;

2. Plaintiffs' earlier motions for the date that the U.S. Marshal executed service (Docs. 13, 16) are **DENIED AS MOOT**;

3. The Clerk of Court shall serve a copy of the complaint, the first amended complaint, Plaintiffs' Notice of Erracta, the summons, and this Order upon the Defendants <u>by ordinary mail</u>, with all costs of service to be advanced by the Court. The Clerk shall note the date of mailing on the docket sheet of this record as proof of mailing.

                                                    *s/ Stephanie K. Bowman*
                                                    Stephanie K. Bowman
                                                    United States Magistrate Judge