**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

FRANKLIN DAVID HARRIS JR., et al.,

      Plaintiffs,

      v.

DANIEL COOLEY, et. al,

      Defendants.

Case No. 1:17-cv-540

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation on two pending motions, both of which have been docketed as "motions for default judgment." Upon close examination, it appears that both motions seek only an Entry of Default by the Clerk of Court under Rule 55(a), Fed. R. Civ. P., and not a default judgment under Rule 55(b).[1]  For the reasons stated, I recommend granting the first motion only in part.

**I.      Analysis**

Pursuant to local practice, the undersigned is empowered to file a Report and Recommendation to the presiding district judge on any dispositive motions.  An Entry of Default under Rule 55(a) must be entered by the Clerk based upon a showing "by affidavit or otherwise" that "a party against whom a judgment…is sought has failed to plead or otherwise defend."  Rule 55(a), Fed. R. Civ. P.  On the record presented, Plaintiffs have

---

[1]As these experienced *pro se* Plaintiffs note, the entry of default under Rule 55(a) is a prerequisite to filing a future motion for default judgment under Rule 55(b).  Plaintiffs currently seek only the entry of default, explaining that such entries are sought as the "first sequence of procedural steps" so that they "can move on to step two and file for a Motion For a Default Judgment after the Entry's [sic] of Defaults are entered." (Doc. 23 at 3, 5).

filed motions to the Court, referred to the undersigned, seeking entries of default under Rule 55(a).  It is not clear that such motions under Rule 55(a), as opposed to Rule 55(b), uniformly should be considered to be dispositive.  However, because of the issues presented and the fundamental nature of service, the undersigned has filed an R&R.

Plaintiffs, who are experienced litigants,[2] proceed *in forma pauperis.* As such, they are entitled to free service of their complaint at the expense of the United States.  On December 22, 2017, the undersigned granted in part Plaintiffs' motion seeking additional assistance from the U.S. Marshal in effecting service of their complaint on all three Defendants.  (Doc. 18).  In that Order, the Court noted that Defendant Chrissy Lodwick Spraughe appeared to have been properly served with the Plaintiffs' original complaint but had failed to file any timely answer.

In contrast to Defendant Spraughe, Defendants Daniel and Kaylay Cooley had "refused" to accept service of the original complaint by certified mail. (*See* Doc. 18 at 4). Because the Plaintiffs had filed an amended complaint that superseded their original complaint, the undersigned directed additional service of the amended complaint, including the "Notice of Erracta" to be perfected by ordinary mail, deeming such service to create a rebuttable presumption that the material was received.  (*Id.* at 5).

The docket sheet reflects that summons was issued and the amended complaint and associated documents were mailed by regular U.S. mail to Daniel Cooley and Kaylay Cooley on the date of the Court's Order, December 22, 2017.  Despite the presumption

---

[2]This Court previously noted some of Plaintiffs' prior federal cases.  *See, e.g.*, Case No. 1:89-cv-145 (civil rights);  Case No.  1:91-mc-349;  Case No.  1:91-mc-350;  Lead Case No.  92-cv-323 (employment discrimination); Related Member Case No.1:92-cv-324 (employment discrimination), Member Case No. 1:93-cv-401 (employment discrimination); Case No. 1:93-mc-93;  Case No. 1:95-cv-29 (employment discrimination); Case No. 1:97-cv-156 (civil rights); Case No. 1:02-cv-475 (Fair Housing Act); Case No. 1:05-cv-84 (employment discrimination); Case No. 1:11-cv-179 (employment discrimination);

of receipt, no answer was filed by either of the Cooley Defendants.  At this time, therefore, Defendants Daniel Cooley and Kaylay Cooley both appear to be in default as to the amended complaint.  Therefore, the undersigned will recommend that entries of default be filed as to those Defendants.

The issue of whether Defendant Spraughe is in default is less certain.  The amended complaint fully superseded the original complaint and became operative upon filing.  However, the docket sheet does not reflect any additional service of the amended complaint by regular mail on Defendant Spraughe.

When a party files an amended complaint, Rule 5(a)(2) states: "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Although Defendant Spraughe appears to have been in default on the original complaint, Plaintiffs did not seek an entry of default on their original complaint, and no entry was filed.  In any event, citing the reasoning of "numerous courts" in the Sixth Circuit and elsewhere, this Court recently held that a pro se party's filing of an amended complaint moots a clerk's prior entry of default. *See Lucas v. Desilva Automotive Servs.*, Case No. 1:16-cv-790 (Doc. 156 at 3-4, Order adopting R&R) (S.D. Ohio March 31, 2018) (collecting cases).  Therefore, to the extent that Defendant Spraughe may have been deemed to have been in default on the original complaint, the filing of the amended complaint mooted any such default.

Because no entry of default ever had been entered against Defendant Spraughe and because a detailed comparison of the claims against Spraughe in the very lengthy pleadings would consume an inordinate amount of judicial resources, the undersigned

3

will direct service of Plaintiffs' amended complaint and Erracta sheet on Defendant Spraughe by ordinary mail at this time by separate Order.  Therefore, an entry of default against Defendant Spraughe on the amended complaint is not appropriate at this time.

## II.      Conclusion and Recommendation

Plaintiffs' two motions are duplicative.  Both motions seek the entry of default against all three Defendants under Rule 55(a), Fed. R. Civ. P.   For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiffs' first motion for entry of default (Doc. 21) be **GRANTED IN PART**, and that Entries of Default be filed against Defendants Daniel Cooley and Kaylay Cooley, but that the motion be **DENIED** without prejudice to renew as to Defendant Spraughe.  **IT IS FURTHER RECOMMENDED THAT** Plaintiffs' second motion for entry of default (Doc. 23) be **DENIED** as moot.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FRANKLIN DAVID HARRIS JR., et al.,

      Plaintiffs,

      v.

DANIEL COOLEY, et. al,

      Defendants.

Case No. 1:17-cv-540

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN  (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

5