# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Franklin David Harris, Jr., *et al.*,

    Plaintiffs,

v.

Daniel Cooley, *et al.*,

    Defendants.

Case No. 1:17-cv-540

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's April 11, 2019 Report and Recommendation ("R&R") that Plaintiffs' motion for entry of default judgment and for other relief including a permanent injunction be denied and that this case be dismissed in its entirety for failure to state any federal claim and for lack of federal jurisdiction. (Doc. 33).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Plaintiffs filed Objections to the R&R. (Doc. 34).

For the reasons stated below, Plaintiffs' Objections are OVERRULED; and the Court ADOPTS the Magistrate Judge's April 11, 2019 R&R.

### I. **BACKGROUND**

Plaintiffs bring claims for race discrimination pursuant to the Fair Housing Act, 42 U.S.C. § 1982, and state law. Plaintiffs are proceeding in this matter *pro se* and *in forma pauperis.* The Clerk has entered default against Defendants Daniel and Kaylay

Cooley, and Chrissy Sprague. Plaintiffs now seek the entry of default judgment under Federal Rule of Civil Procedure 55(b) with the entry of final judgment to include unspecified sums for monetary damages, civil penalties, and an order directing permanent injunctive relief.

The Magistrate Judge has set forth the procedural and factual background in her R&R and the same will not be repeated here except to the extent necessary to address Plaintiffs' objections.

## II. ANALYSIS

### A. Standard of Review

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### B. Default Judgment

"When considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the

preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir.1986)).

The Magistrate Judge concluded that even though Plaintiffs' claims were permitted to proceed beyond the initial screening under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiffs' Amended Complaint failed to state a claim.[1] *Accord McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997) (explaining that Section 1915(e)(2) "is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 109, 205 (2007). The Magistrate Judge explained that Plaintiffs' claims are based on a dispute between Plaintiffs and their next-door neighbors, the Cooleys, over the location of a privacy fence. The Magistrate Judge noted that Plaintiffs have not alleged any direct or overt race-based discrimination by the Cooleys; and there is nothing in the record to support an inference of discrimination based on race.

Plaintiffs repeat many of the same allegations in their Objections which were contained in their Amended Complaint and Motion for Default Judgments. Plaintiffs maintain that they have stated a claim under 42 U.S.C. § 3617 based on the exercise of their FHA rights because they have told the Cooleys and local officials that Defendants have violated the FHA. However, the Sixth Circuit has held that a violation of the FHA requires either proof of discriminatory animus or disparate impact or effect. *Linkletter v. W. & S. Fin. Grp., Inc.*, 851 F.3d 632, 640 (6th Cir. 2017) (citing *Inclusive Cmtys. Project, Inc. v. Tex. Dept. of Hous. and Cmty. Affairs*, 747 F.3d 275, 280 (5th Cir.

---

[1]The Magistrate Judge also noted that to the extent the same dispute has been raised in the Scioto County Court of Common Pleas and adversary proceedings in federal bankruptcy court, this Court should dismiss Plaintiffs' claims based on abstention.

2014)). As the Magistrate Judge explained, Plaintiffs' allegations in this regard are "[c]onclusory allegations or legal conclusions masquerading as factual allegations." *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613-14 (6th Cir. 2012) (citing *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 902 (6th Cir. 2009)). Therefore, the Court finds no error in the Magistrate Judge's conclusion that even liberally construing Plaintiffs' *pro se* Amended Complaint, Plaintiffs have failed to state a claim. Where a complaint fails to state a claim, a motion for default judgment should be denied. *See Bailey v. Harrison*, No. 95-6263, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants"). Therefore, the Magistrate Judge did not err in concluding that Plaintiffs' motion for entry of default judgment and for other relief including a permanent injunction (Doc. 32) should be denied; and this case should be dismissed in its entirety for failure to state any federal claim and for lack of federal jurisdiction.

### III. **CONCLUSION**

Based on the foregoing, that Magistrate Judge's April 11, 2019 R&R (Doc. 33) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs' motion for entry of default judgment and for other relief including a permanent injunction (Doc. 32) is **DENIED**;

2. That this case is **DISMISSED with PREJUDICE**; and

3. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                              JUDGE MICHAEL R. BARRETT